IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT

| | | |
|---|---|---|
| IN RE: LOUIS JONES, JR. | ) | CASE NO. 21-40537 |
| | | CHAPTER 7 |
| DEBTOR | ) | JUDGE TIIARA N.A. PATTON |
| | ) | MOTION TO COMPROMISE |
| | | CONTROVERSY UNDER |
| | ) | FEDERAL RULE 9019 |

Now comes Richard G. Zellers, Trustee, by and through Counsel, and hereby moves this Court for an Order authorizing him to compromise a controversy, and further states as follows.

A review of the Debtor's schedules and his testimony at the 341 examination showed that the Debtor had a pending case in District Court in the Northern District of Ohio for age discrimination under the Americans with Disabilities Act and the Civil Rights Act of 1964, as well as Ohio Revised Code Violation under 4112.

The Trustee after entering into the case as the real party in interest, was able, along with special counsel, to negotiate a settlement of said case with the Defendant, MMC Metals, Inc. for the total sum of $32,000.00.

After the Trustee reviewed the pretrial statements, the settlement offers and the orders of court, the Trustee feels as though this settlement agreement and general release, a copy of which is attached hereto as Exhibit A, is in the best interest of the estate, and is fair and reasonable.

WHEREFORE, the Trustee, Richard G. Zellers, by and through Counsel, respectfully requests an Order of this Court authorizing him to enter into the settlement agreement and general release which is attached hereto and marked as Exhibit A, and for such other and further relief as the Court deems equitable.

Respectfully submitted,

/s/Richard G. Zellers
**RICHARD G. ZELLERS (0011764)**
Attorney for Trustee
3695 Boardman Canfield Rd.
Bldg. B, Suite 300
Canfield, OH 44406
(330) 702-0780
(330) 702-0788 facsimile
zellersesq@gmail.com

## CERTIFICATE OF SERVICE

I certify that on December 20, 2022, a true and correct copy of the foregoing was served:

Brett Billec, bbillec@ohiolegalclinic.com

And by regular U.S. mail, postage prepaid, on:

Office of the United States Trustee
201 Superior Ave., Room 441
Cleveland, OH 44114

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release is entered into by and between Plaintiff Louis Jones, (hereinafter "Plaintiff"), Richard G. Zellers, as Trustee in the Bankruptcy Case (defined further hereinbelow), and Defendant NMC Metals, Inc. (hereinafter "Defendant"), executed as of November ____, 2022.

WITNESSETH:

WHEREAS, Plaintiff commenced a civil action, being Case No. 4:22-CV-00138, in the United States District Court for the Northern District of Ohio (hereinafter, "Court"), on January 26, 2022, alleging that Defendant discriminated against him on the basis of disability and race, pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, Title VII of the Civil Rights Act of 1964, and Ohio Revised Code § 4112 ("Action"); and

WHEREAS, Defendant denies discriminating against Plaintiff on the basis of disability, race, or otherwise having violated the law in any manner whatsoever;

WHEREAS, Plaintiff is also a debtor in a Chapter 7 bankruptcy proceeding captioned *In Re: Louis J. Jones*, pending in the U.S. Bankruptcy Court for the Northern District of Ohio, Case No. 21-40537 ("Bankruptcy Case"); and

WHEREAS, the parties hereto, intending to bind themselves, their heirs, executors, administrators, successors, and assigns, desire to settle and resolve their differences without further proceedings concerning the matters in dispute;

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, the parties agree as follows:

1. Defendant shall pay the total, gross sum of Thirty-Two Thousand Dollars ($32,000.00). The payment shall be made by check made payable to "Richard G. Zellers, Trustee," as Trustee in the Bankruptcy Case, for which a corresponding Form 1099-Misc. shall be issued. The payment includes payment for Plaintiff's attorney fees and expenses.

The sum specified in this Paragraph 1 is to be delivered no later than fifteen (15) days following the later of the two events: (1) Plaintiff's execution and return of this Settlement Agreement and General Release to Defendant's legal counsel; (2) approval by the Bankruptcy Court of the settlement amounts to be paid herein. Execution of this Settlement Agreement and General Release and the payment of said sum is not, and shall not be construed as, an admission by Defendant with respect to any claims made by Plaintiff or with regard to any other matter. Plaintiff understands that Defendant denies any wrongdoing or liability with respect to any claim or cause of action or threatened claim or cause of action, and that the foregoing sum is paid in settlement of doubtful and disputed claims for the purpose of resolving any and all disputes among the parties and does not constitute any admission of wrongdoing or liability.

{00887159-1}  1

Ex A

2. It is understood and agreed that Plaintiff shall be solely responsible and shall hold harmless and indemnify Defendant for the payment of taxes from the amount specified in Paragraph 1, should any legitimate taxing authority or other governmental authority determine that additional taxes or deductions should have been taken from said amounts.

3. Plaintiff acknowledges that the payments of consideration that Defendant has agreed to provide, as stated above, include payments to which Plaintiff would not otherwise be entitled, but for this Settlement Agreement, and is adequate consideration for this Settlement Agreement and the General Release contained herein.

4. Plaintiff hereby voluntarily releases and relinquishes all rights to reinstatement and future employment by Defendant or any companies related to and/or affiliated with Defendant. Plaintiff agrees that, in the future, he shall not make application for employment in any capacity with Defendant, and hereby waives and releases any right to be considered for such employment.

5. Within seven days of an order by the Bankruptcy Court approving the settlement terms set forth herein, the parties shall file a proposed and executed Stipulation and Order of Dismissal with Prejudice of the Action, with each party bearing his/its own attorney fees and costs.

6. Plaintiff and Richard G. Zellers, as Trustee in the Bankruptcy Case, shall, and by execution of this Settlement Agreement and General Release do, fully release and forever discharge Defendant, its insurers, successors, assigns, agents, attorneys, officers, directors, shareholders, affiliated-companies, employees, representatives, forever from any and all claims, demands, actions and causes of action of any nature, whether statutory or at common law, whether sounding in contract, tort, or otherwise, whether known or unknown, including any and all claims for any alleged violations of:

  a. Sections 4112.02(A) and 4112.99 of the Ohio Revised Code; the Civil Rights Act of 1964, the Equal Pay Act of 1963, the Americans with Disabilities Act of 1990, the Civil Rights Act of 1991, the National Labor Relations Act, the Family and Medical Leave Act of 1993, the Occupational Safety and Health Act of 1970, the Americans with Disabilities Act Amendments Act of 2008, the Genetic Information Non-Discrimination Act of 2008, the Age Discrimination in Employment Act of 1967 (ADEA), as amended, the Older Workers Benefit Protection Act, and 42 U.S.C. 1981;

  b. any other law, statute, executive order, public policy, regulation, or ordinance that provides, or may provide, for the remedying of discrimination by an employer; and

  c. any other law, statute, public policy, executive order, or ordinance whatsoever.

Plaintiff and Richard G. Zellers, as Trustee in the Bankruptcy Case, being under no duress or coercion, and having read and fully understanding all of the provisions of this Settlement Agreement and General Release, having been advised in writing to consult with an attorney prior to the execution of this Agreement, being represented by counsel, and having consulted with such counsel regarding this Settlement Agreement and General Release, hereby relinquishes such rights knowingly and voluntarily.

7. Plaintiff agrees not to defame, disparage, or malign Defendant or the businesses, products, hiring practices, officers, employees, directors, shareholders, or other representatives of Defendant, or otherwise do anything to detract from or reflect adversely upon their reputations. Defendant agrees that neither it, nor its officers, directors, or shareholders will defame, disparage, or malign Plaintiff, or otherwise do anything to detract from or reflect adversely upon Plaintiff's reputation. Defendant agrees that it will respond to any and all reference checks seeking information about Plaintiff by providing only Plaintiff's dates of employment and job title.

8. Plaintiff hereby agrees not to participate in or lend assistance in any way to any other individual or entity in the pursuit of a lawsuit against Defendant and/or its insurers, successors, heirs, assigns, agents, attorneys, officers, directors, shareholders, affiliated-companies, employees, representatives, executors, and administrators, but this Agreement shall not impede Plaintiff's ability to participate in an investigation or proceedings before the Equal Employment Opportunity Commission, or to give testimony pursuant to a subpoena or valid court order.

9. Plaintiff makes the following representations to Defendant, each of which is an important consideration to Defendant's willingness to enter into this Agreement:

   a. Plaintiff is hereby advised by Defendant to consult with legal counsel prior to executing this Settlement Agreement, and the General Release contained in it, and has had an opportunity to consult with and has been advised by legal counsel of his choosing, fully understands the terms of this Agreement, and enters into this Agreement freely and voluntarily and intending to be bound;

   b. the consideration that Defendant has agreed to provide, as stated above, includes payment of moneys and other benefits to which Plaintiff would not otherwise be entitled but for this Agreement, and is sufficient consideration for this Settlement Agreement and the General Release contained herein;

   c. Plaintiff has been given a period of twenty-one (21) days to review and consider the terms of this Settlement Agreement and the General Release contained therein prior to its execution, and Plaintiff may use as much or as little of the twenty-one (21)-day period as he desires;

   d. Plaintiff is aware that by signing this Settlement Agreement, which includes a General Release, he is giving up any right to sue Defendant, those associated with Defendant, not only on the basis of the discrimination laws

mentioned above, but for any other claims that he may have or believes that he may have based upon any event that occurred prior to this Agreement being signed;

  e. no promises or representations except those contained in this Agreement have been made to Plaintiff in connection with his execution of this Agreement;

  f. Plaintiff has read and understands each and every provision of this Agreement;

  g. Plaintiff is aware that he may change his mind and revoke this Agreement at any time during the seven (7) days after the Agreement is signed, by delivering written notice of revocation to: Kevin P. Murphy and Matthew M. Ries, Harrington, Hoppe & Mitchell, LTD., 108 Main Ave. SW, Suite 500, Warren, OH 44481, no later than the close of business on the seventh (7th) day after Plaintiff signs this Settlement Agreement and General Release. If Plaintiff exercises his right to revoke this Settlement Agreement and General Release, all of the terms and conditions of the Settlement Agreement and General Release shall be of no force and effect and Plaintiff shall not receive any of the payment or other benefits described herein; and

  h. Plaintiff has not assigned or attempted to assign or give to anyone else any claim he believes he may have against Defendant.

  10. This Agreement shall be binding and inure to the benefit of Defendant and any successor of or to Defendant, but shall not otherwise be assignable or delegable by Defendant. This Agreement is personal in nature, and none of the parties hereto shall, without the consent of the others, assign, transfer, or delegate this Agreement or any rights or obligations hereunder.

  11. If Medicare, Medicaid, or any person or legal entity, does claim an assigned, statutory, or subrogated right or interest in this matter, it is expressly understood that these claims are the responsibility of Plaintiff. Plaintiff agrees to indemnify Defendant and hold Defendant harmless in the event any such claim is ever made.

  12. This Agreement is intended to be for the exclusive benefit of the parties hereto, and no third party shall have any rights hereunder.

  13. No provision of this Agreement may be modified, waived, or discharged unless such waiver, modification, or discharge is agreed to in a writing signed by Plaintiff, Richard G. Zellers, as Trustee in the Bankruptcy Case, and Defendant. No waiver by a party of any breach by another party shall be deemed a waiver of similar or dissimilar provisions or conditions at the same time or at any prior or subsequent time.

  14. The invalidity or unenforceability of any provision of the Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall nevertheless remain in force and effect.

21-40537-tnap    Doc 45    FILED 12/20/22    ENTERED 12/20/22 11:36:35    Page 6 of 9

15. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Scanned, copied, or PDF signatures shall be effective to bind the parties and treated as though they are original signatures.

16. THIS AGREEMENT IS NOT EFFECTIVE UNLESS AND UNTIL IT RECEIVES APPROVAL FROM THE UNITED STATES BANKRUPTCY COURT.

IN WITNESS WHEREOF, the parties hereto have hereunto affixed their signatures effective as of the day and year first written above.

_____
LOUIS JONES

Date: _____

_____
RICHARD G. ZELLERS, AS TRUSTEE

Date: _____

NMC METALS, INC.

By: _____

Its _____

Date: _____

{00887159-1}  5

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT

| | | |
|---|---|---|
| IN RE: LOUIS JONES, JR. | ) | CASE NO. 21-40537 |
| | | CHAPTER 7 |
| DEBTOR | ) | JUDGE TIIARA N.A. PATTON |
| | ) | ORDER |

This matter came to the Court upon the Motion of the Trustee, Richard G. Zellers, by and through Counsel, to compromise a controversy that has arisen under Federal Rule 9019. The Court has reviewed the Motion, the settlement and release agreement and finds that the compromise is fair and reasonable, and in the best interest of the estate. A hearing was held on January 11, 2023.

Appropriate notice was served on all creditors and parties in interest, as well as the defendant in the Federal Court case, and no one appeared in objection to the Motion.

WHEREFORE, the Court authorizes the Trustee to enter into the compromise, settlement agreement and general release as attached to the Motion, and execute any and all documents necessary to complete the transaction.

# # #

Submitted by:

/s/Richard G. Zellers
RICHARD G. ZELLERS(0011764)
3810 Starr Centre Dr.
Canfield, OH  44406
330-702-0780
330-702-0788 facsimile
zellersesq@cs.com


Office of the United States Trustee
201 Superior Ave., Suite 441
Cleveland, OH  44114


Richard G. Zellers, Esq.
3810 Starr Centre Dr.
Canfield, OH  44406

Brett Billec, Esq.
26 Market St., Ste. 1001
Youngstown, OH 44503