IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| LOUIS J. JONES, JR. | CASE NO. 21-40537 (TNAP) |
| DEBTOR | **JUDGE TIIARA N.A. PATTON** |

# RESPONSE TO MOTION TO COMPROMISE AND APPLICATION FOR COMPENSATION

## I. INTRODUCTION

**NOW COMES** the Mahoning County Child Support Enforcement Agency (MCCSEA), presenting this Response for the Court's consideration. Based upon the facts averred in this Response, MCCSEA requires additional information in order to make an informed decision on whether to oppose or consent to the Chapter 7 Trustee's Motion to Compromise Controversy under Federal Rule 9019, and the Trustee's First and Final Application for Compensation for Special Counsel for the Trustee. In support of this Response, the following facts are averred.

## II. AVERMENTS

### A. Child support obligation

**Debtor owes over $24,000 in unpaid child support.**

1. MCCSEA is the local IV-D agency responsible for administering Debtor's child support case at SETS No. 7058945937.

2. On August 14, 2006, MCCSEA issued a CSEA Administrative Child Support Order designating Debtor as the child support obligor and requiring him to pay child support for his minor child.

1

3. On September 22, 2006, the Juvenile Division of the Mahoning County Court of Common Pleas issued a Judgment Entry Establishing Child Support which adopted MCCSEA's administrative order.

4. On May 25, 2022, the Juvenile Division issued a Judgment Entry which reduced Debtor's current child support obligation to $80.00 per month due to Debtor's lack of income and current health complications.

5. After receiving notice of possible assets for distribution, MCCSEA filed a proof of claim on August 24, 2022 for the $23,828.04 in child support arrears owed by Debtor at the time the proof of claim was filed.

6. Debtor has not made full monthly payments since his order was modified downward, and accordingly his unpaid child support arrears have subsequently increased. His total arrearage as of this date is $24,483.72.

7. Debtor's child is still a minor for whom Debtor still has a current duty of support.

## B. Compromise and compensation

**If the proposed compromise is approved, the estate will not be sufficient to satisfy all administrative expenses and Debtor's domestic support obligation.**

8. The Chapter 7 Trustee proposes a settlement of Debtor's age discrimination claim for $32,000, with total fees and expenses in the amount of $11,343.67 to be paid to David Truman as Special Counsel.

9. Without consideration for any other fees and administrative expenses, payment of this amount would leave only $20,656.33 remaining.

10. The amount of the estate if this settlement is approved is therefore insufficient to pay all administrative expenses and Debtor's domestic support obligation.

## C. Priority

**Section 507 of the bankruptcy code provides a super-priority for certain administrative expenses, but only to the extent payments are made toward priority domestic support obligations.**

11. Domestic support obligations such as Debtor's child support obligation have the highest priority under the Bankruptcy Code, subject to one caveat. 11 U.S.C. § 507(a)(1).

    > (C) If a trustee is appointed or elected under section 701, 702, 703, 1104, 1202, or 1302, the administrative expenses of the trustee allowed under paragraphs (1)(A), (2), and (6) of section 503(b) shall be paid before payment of claims under subparagraphs (A) and (B), to the extent that the trustee administers assets that are otherwise available for the payment of such claims.

    11 U.S.C. § 507(a)(1)(C).

12. Section 507(a)(1)(C) thus allows certain administrative expenses a super-priority, even over domestic support obligations, but only "to the extent that the trustee administers assets that are otherwise available for the payment of such claims." *Id.* Consequently, this administrative expense super-priority is limited to the amount which is also actually paid toward the domestic support obligation.

13. It is MCCSEA's contention that the meaning of this language is to protect the payment of these administrative expenses, but only insofar as domestic support obligations are at least equally paid. In other words, administrative expenses may not completely exhaust the estate to the complete detriment of domestic support obligation claims. Rather, the payment of such administrative expenses may not exceed the amount actually paid toward the domestic support obligation claim.

14. MCCSEA recognizes that its contention is in direct opposition to existing caselaw from several other bankruptcy courts, which interpret section 507 differently, and

3

have held instead that such administrative expenses are permitted to completely exhaust the estate and leave nothing for the payment of domestic support obligation creditors. *In re Barker*, No. 11-04346-TOM-7, 2015 WL 2208356 (Bankr. N.D. Ala. May 8, 2015); *In re Yelverton*, No. 09-00414, 2016 WL 4532790 (Bankr. D.D.C. Aug. 29, 2016).

15. The decisions in *In re Barker* and *In re Yalverton* are not binding on this Court, however. Further, the reasoning that supported their conclusions did not give adequate consideration to the structure and language of the statute, nor to the legislative history of BAPCPA which elevated domestic support obligations to the highest priority, nor to Congress' clear intent that domestic support obligations receive special consideration in the bankruptcy process.

16. Trustees and the professionals they hire deserve to be paid for the work they do; that goes without saying. Dependent children, however, have an indispensable need for support from their parents. Those who are not supported often become charges of the state supported at taxpayer expense.

17. Section 507(a)(1) is intended to incentivize the recovery of assets while simultaneously ensuring that at least some portion of the assets recovered is used for the support of dependents such as Debtor's child. It thus balances the merit of professionals who make the bankruptcy system work with the need of a debtor's children who require support for their very subsistence.

18. Under the views expressed in *In re Barker* and *In re Yalverton*, litigation to recover assets is incentivized even when it would benefit no one except the professionals doing the litigating, and even to the point of leaving destitute children without the

4

support they are entitled to and need. Such was not Congress' intent.

### D. Chapter 7 Trustee's calculation and position

**MCCSEA does not have adequate information to make an informed decision about whether to object, and requires further information as to the Chapter 7 Trustee's calculation of applicable administrative expenses, as well as his position in this case concerning priority between such administrative expenses and Debtor's child support.**

19. It is clear that, if the compromise and compensation are approved, there will not be enough funds to satisfy both the administrative expenses and Debtor's child support obligation.

20. It is unclear to MCCSEA what the total cost of all administrative expenses listed under 11 U.S.C. § 507(a)(1)(C) will be in this case, however.

21. It is also unclear to MCCSEA whether the Chapter 7 Trustee would intend to argue that such costs should be permitted to exceed the amount payable toward Debtor's child support obligation or to completely exhaust the estate if necessary, even to the complete exclusion of Debtor's child support obligation.

22. MCCSEA requests that the Chapter 7 Trustee be required to provide a figure of the total administrative expenses which would be asserted in this case, and for the Chapter 7 Trustee to state his position in this case as to the priority of any administrative expenses with regard to Debtor's domestic support obligation.

23. MCCSEA requires this information in order to make an informed decision as to whether to oppose the proposed compromise and compensation.

## III. CONCLUSION

**WHEREFORE,** MCCSEA requires additional information in order to make an informed decision on whether to oppose or consent to the Chapter 7 Trustee's Motion to Compromise Controversy under Federal Rule 9019, and the Trustee's First and Final Application for Compensation for Special Counsel for the Trustee.

Respectfully submitted,

*s/Joshua Baumann*
Joshua Baumann, Attorney for MCCSEA
Registration No. 92128
345 Oak Hill Ave.
P.O. Box 119
Youngstown, Ohio 44501-0119
Phone: 330-740-2073
Joshua.Baumann@JFS.Ohio.Gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2022, a true and correct copy of the foregoing Response was served by means of the Court's Electronic Case Filing System to the individuals and entities who are listed on the Court's Electronic Mail Notice List, including the following:

1. Richard G. Zellers, Chapter 7 Trustee, at: zellersesq@gmail.com
2. Bret Billec at: bbillec@ohiolegalclinic.com
3. Office of the U.S. Trustee at: (registered address)@usdoj.gov

*s/Joshua Baumann*
Joshua Baumann, Attorney for MCCSEA
Registration No. 92128